AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

ANTHONY VIRAMONTEZ

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number:  06-20470-01

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1)  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -  that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in

    _____ .*

  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2)  The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3)  A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4)  Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1)  There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in  _____ .
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1)  There is a serious risk that the defendant will not appear.
- ☑ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence  that

This is a presumption case with a 20 year minimum prison sentence.  Defendant a 36 year old single male, is charged with conspiracy to possess with intention to distribute and distribution of cocaine and continuing criminal enterprise.  It is alleged that he has formed a large narcotics organization in Detroit and that he acquires and sells 10-15 kg cocaine per month.  He lives with co-defendant #2, Amanda Curry , and they have a 6 month old son.  Defendant has 2 other sons who are living in other states.  The case FBI agent testified that his 3 ½ year investigation discloses that defendant is the leader of the Latin Counts Street Gang.  In December, 1999 defendant was charged with felony homicide.  (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 20, 2006 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |

MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE

*Name and Title of Judge*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**06-20470-01 USA v Viramontez**                                                    Page 2

That case was dismissed in 2002 allegedly because witnesses refused to come forward to testify

for  fear of retribution by defendant.  He has five cases charging of felony assault, three of which

were dismissed and one of which, felony assault with intention to murder, was tried to a

conviction on 2 counts.  He was sentenced and ultimately discharged from parole on July 18,

1996.  The fifth felony assault case was tried and resulted in an acquittal on 12/19/94.  His

employment is questionable, as he has a DUIL conviction (9/17/02) but claims to be employed

by a bar, The Stop N Lounge in Wyandotte, MI, earning $2000 per month.  The FBI believes he

owns this property but places the ownership in names other than his own.  It is alleged that

defendant has discovered the identity of FBI Confidential Informant in the instant case and

earlier threatened to kill him and his family if he ever crossed him.  The CI has been relocated as

a result.  Defendant currently has few assets in his own name: no utility bills, no automobiles, no

real property, no ongoing business concerns, no telephones.  His residence was ultimately

ascertained one year ago by use of a tracking device.  He was monitored on 4 different

telephones for a 4-month period (non of the phones were in his name). Defendant's request for

house arrest and a tether, to reside with defendant #2, Amanda Curry, is not a viable option given

the nature of the pending charges.  Defendant has not rebutted the presumption, and is deemed to

be a flight risk, and a danger to the community given the nature of the charges.  No condition or

combination of conditions would assure the safety of the community and defendant's

appearance.  Detention is ordered.