UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY VIRAMONTEZ,

    Defendant.

_____/

Case No. 06-20470

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE [251]**

This matter is before the Court on Defendant Anthony Viramontez's motion for early termination of supervised release. (ECF No. 251.) The government will not agree with the request but does not oppose the motion. (*Id.* at PageID.699.) Defendant Viramontez's probation officer also disagrees with this request but does not oppose it. *Id.* The Court has reviewed the record in its entirety and, for the reasons below, DENIES Defendant's motion.

**I.    Background**

On October 27, 2008, Defendant Anthony Viramontez pled guilty to one count of conspiracy to possess with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 846. Defendant's offense level was 38 and his criminal history category was VI. (ECF No. 248, PageID.695.) The sentencing guideline range for this offense level and history category, plus the statutory maximum sentence, is 360 to 480 months. Guidelines Manual, §5G1.1. On February 23, 2009, Defendant was sentenced to a term of 198 months of imprisonment and five years of supervised release. (ECF No. 195.) Defendant's term of supervised release began on February 14, 2020. (ECF No. 251.)

## II. Legal Standard

"Supervised release is part of a sentence." *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014). Under 18 U.S.C. § 3583(e)(1), however, the Court may terminate a term of supervised release any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." When making this determination, the Court considers the following sentencing factors: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant; any pertinent policy statement issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

## III. Analysis

Defendant asserts that early termination of his supervised release is warranted because he has complied with all conditions of his supervision, has served three-quarters of his supervisory term, and has achieved stable community reintegration in terms of housing, family, and employment. (ECF No. 251, PageID.702.)

As a general matter, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not

warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Similarly, "productive employment, while laudable, does not justify the termination of supervision." *United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014) (citations omitted). Usually, early termination of supervised release "will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotations and citation omitted).

Here, Defendant has not identified any new or unforeseen circumstances that would warrant early termination of supervised release. Additionally, the sentence imposed was below the guidelines range. The Court finds that the relevant sentencing factors weigh against early termination.

## IV. Conclusion

For the foregoing reasons, Defendant's motion for early termination of supervised release is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 6, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 6, 2024, by electronic and/or ordinary mail.

s/Marlena Williams
Case Manager